IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD ALONSO,

    Plaintiff,

    v.                                     No. CIV 15-00789-JCH-KBM

FNU HATCH, *Warden, NENMDF*,
FNU BROWN, *Warden, NENMDF*,
FNU LNU, *Kitchen Food Service Staff*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was not provided with lunch on June 6, 2015, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. [Doc. 1] The complaint further alleges that Plaintiff was not provided with a spice-free diet as required by his medical condition, in violation of his right to be free from cruel and unusual punishment. Plaintiff seeks restitution and injunctive relief. [Doc. 1 at 5]

Plaintiff's complaint names Defendant Hatch, Warden at the Northeast New Mexico Detention Facility, and Defendant Brown, Deputy Warden at the Northeast New Mexico Detention Facility, as defendants in this case. It is well established that "§ 1983 does not allow a plaintiff to hold an individual government official liable under a theory of respondeat superior," *Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir. 2010) (internal quotation marks omitted), and "individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Id.* at 1195 (internal quotation marks omitted). However, "[p]ersonal involvement does not require direct participation," because a plaintiff may "succeed in a § 1983 suit against a defendant-supervisor by demonstrating that (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation." *Id.* at 1199. In the present case, Plaintiff does not allege that Defendants Hatch and Brown directly were involved in the alleged constitutional violations or that they promulgated, created, or implemented a policy that caused the constitutional violations. Therefore, Plaintiff's claims against Defendants Hatch and Brown will be dismissed without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).

Plaintiff contends that he was deprived of his right to be free from cruel and unusual punishment because he was not served lunch on June 6, 2015.

> The Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmate's safety. . . . To hold a jailer personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component.

*Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (internal quotation marks and citations omitted). "The objective component requires that the alleged deprivation be sufficiently serious." *Id.* (internal quotation marks and citation omitted). "[O]nly those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (internal quotation marks and citation omitted). "This inquiry turns not only on the severity of the alleged deprivations, but also on their duration." *Id.* "The subjective component requires the jail official to have a sufficiently culpable state of mind. . . . In the context of prison-conditions claims, the required state of mind is one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks and citation omitted).

The Court concludes that the failure to provide Plaintiff with one meal on one day is not sufficiently serious to deny Plaintiff the minimal civilized measure of life's necessities. *See Bridgeforth v. Ramsey*, 198 F.3d 257, 1999 WL 992978, at *2 (10th Cir. 1999) (holding that the deprivation of "one meal, exercise for one day, and . . . bedding, personal property, and hygiene items for five days" did not violate the plaintiff's Eighth Amendment rights) (unpublished table decision); *see also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (holding that plaintiff's Eighth Amendment rights were not violated where he was provided with only two meals a day on weekends and holidays). Therefore, Plaintiff's claim will be dismissed with prejudice for failure

3

to state a claim under § 1915(e)(2)(B)(ii).

Plaintiff's claim that the kitchen staff at Northeast New Mexico Detention Facility failed to provide him with a medically-prescribed diet in violation of the Eighth Amendment survives initial review under § 1915(e).  *See Ayers v. Uphoff*, 1 F. App'x 851, 855 (10th Cir. 2001) (noting that the failure to provide a "special diet that is prescribed for an inmate by a prison physician" may establish a violation of the Eighth Amendment) (unpublished).

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Hatch and Brown will be DISMISSED without prejudice; and Defendants Hatch and Brown will be DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment claim based on the failure to provide him with lunch on June 6, 2015 will be DISMISSED with prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to send notice and waiver forms, along with a copy of this Order and the complaint [Doc. 1], to Defendant Kitchen Food Service Staff at Northeast New Mexico Detention Facility, 185 Dr. Michael Jenkins Road, Clayton, New Mexico, 88415.

_____
UNITED STATES DISTRICT JUDGE